UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60156
CIV-MIDDLEBROOKS

LADY OF AMERICA FRANCHISE                     MAGISTRATE JUDGE JOHNSON
CORPORATION, a Florida corporation,

      Plaintiffs,

vs.

ADVECOR, INC.,
A California corporation,

      Defendants.

_____/

## MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE

Defendant, ADVECOR, INC., moves the Court pursuant to Rule 12(b), Federal Rules of Civil Procedure, to dismiss the above-styled action on the following grounds:

1.     The Court lacks jurisdiction over the person of the Defendant, in that Defendant is a California corporation whose only office is located in San Diego, California. The Plaintiff was the party who initiated the contact with Defendant by contacting Defendant in San Diego, California to contract with them for marketing services. All of the work performed by Defendant, including graphic design, internet and tracking analysis and management, and data procurement and processing was performed in California. All documents exchanged between the parties were

1

Case No. 07-60156

exchanged via fax and emails. Additionally, Defendant did not travel nor was present in Florida to discuss, negotiate, or sign a contract with Plaintiff and payment was due and, in fact, made by Plaintiff in San Diego, California. Furthermore, Defendant has never solicited business from Plaintiff in Florida.

2.     This proceeding is not in the proper venue in that pursuant to 28 U.S.C. §1391, in that the Defendant resides in San Diego, California, and the substantial part of the events giving rise to the claim occurred in San Diego, California.

3.     The Complaint failed to state a claim upon which relief can be granted in that paragraph 15 of the Complaint fails to allege if the agreement by the parties was oral or written. If written, then the specific allegations in paragraph 15 should be contained in the contract attached to the Complaint. However, the documents that are attached to the Complaint are inconsistent with the alleged agreement between the parties. In fact, the only contractual agreement that was signed by LOA was the proposal on October 13, 2006, which also does not state a delivery date, a copy of which is attached as Exhibit "A".

Under penalties of perjury, I declare that I have read the foregoing Motion and the facts stated therein are true.

ADVECOR, INC.

By: _____

Name: Torey Nasif

Title: General Counsel

2

Case No. 07-60156

## MEMORANDUM OF LAW

The Plaintiff has the burden of showing by a preponderance of the evidence, that jurisdiction is proper. <u>Colonial Leasing Co. v. Pugh Brothers Garage</u>, 735 F.2d 380 (9th Cir. 1977). Plaintiff, Lady of America Franchise Corporation ("LOA"), fails to establish in its Complaint, a basis for personal jurisdiction upon which this Court would be able to assert judicial power over Defendant and bind it by its adjudication. First, Plaintiff has not established a basis to bring this action within the ambit of Florida's long-arm jurisdiction pursuant to Fla. Stat. § 48.193. Additionally, federal due process requires that a nonresident Defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945); <u>Mut. Serv. Ins. Co. v. Frit. Indus., Inc.</u>, 358 F.3d 1312 (11th Cir. 2004); <u>SEC v. Carrillo</u>, 115 F.3d 1540 (11th Cir. 1997). Moreover, the Defendant must have availed itself to the privileges of conducting business in the forum state. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985). Advecor, Inc. lacks minimum contacts with Florida and has not purposefully availed itself to the privileges of conducting business in Florida such as to foresee being haled into court in Florida. Rather, it was LOA who reached outside the boundaries of Florida and into those of California and initiated contact with Advecor, Inc. for the purposes of engaging their marketing services. In fact, all the work performed by the Defendant, Advecor, Inc., on behalf of LOA was performed in California, including graphic design, internet and

3

tracking analysis and management, and data procurement and processing. All documents

exchanged between the parties were exchanged via fax and e-mails. In addition, Advecor never

traveled or was otherwise present in Florida to discuss, negotiate, or sign a contract for this work

with LOA and payment under the contract was due and, in fact, made in San Diego, California.

Instead, LOA pursued Advecor, Inc. for their services in California. Advecor, Inc. has at no time

solicited business from LOA in Florida. Accordingly, this Court cannot exercise personal

jurisdiction over the Defendant without offending the traditional notions of fair play and

substantial justice. As a result, Defendant, Advecor, Inc. respectfully requests this Court dismiss

Plaintiff's Complaint for lack of personal jurisdiction.

In the alternative, Defendant requests this Court transfer this action to its proper venue

pursuant to 28 U.S.C.§ 1391(a)(2). The substantial part of the events giving rise to the claim

occurred in San Diego, California and not in Florida. The purpose of the venue statute is to place

the trial in a place that has a logical connection with the parties to the litigation and to afford

Defendant some protection against the hardship of having to litigate in some distant place. Fuller

& Dees Marketing Group, Inc. v. Outstanding American High School Students, 335 F. Supp. 913

(M.D.Ala. 1972); Energy Resources Group Inc. v. Energy Resources Corp., 297 F. Supp. 232

(S.D.Tex.1969). In this case, there is no logical connection with the parties to the litigation other

than the fact that Plaintiff is domiciled in Florida which, alone, is not a basis to make Florida a

proper venue. All actions and events from which Plaintiff alleges this action arose, occurred in

California. For example, all work relating to this claim was done in California and payment was

4

due and, in fact, paid to Defendant in California. Furthermore, the Defendant should have some

protection against the hardship of having to litigate in Florida rather than California which is the

place where a substantial part of the events occurred.

In addition, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Specifically, paragraph 15 of the Complaint fails to allege if the agreement by the parties was

oral or written. This distinction is quite important because, if Plaintiff's allegation is that the

agreement is written, the specific allegations in paragraph 15 should be contained in a contract

which should be attached to the Complaint. Rather, Plaintiff attaches several documents to the

Complaint which are inconsistent with the alleged agreement between the parties. For instance,

in paragraph 15(f) of its Complaint, Plaintiff claims that Defendant guaranteed delivery to USPS

of over 1,330,250 promotional postcards on or before January 6, 2007.   Additionally, paragraph

16 of the Complaint states that Defendant recommended the date of January 6, 2007 for delivery

to USPS. However, there is no language in the documents attached to the Complaint that

reference these as contractual provisions and deadline. Plaintiff alleges that the attached

documents constitute the agreement. However, the documents attached to the Complaint only

show the existence of several proposals which Defendant sent to Plaintiff and these proposals do

not contain the specific delivery date that Plaintiff alleges is part of the contract between the

parties. In fact, the only contractual agreement that was signed by LOA was the proposal

(Exhibit "A") which also does not state a delivery date. This inconsistency requires the

Complaint be dismissed. See, Harry Pepper & Assoc., Inc. v. Lasseter, 247 So. 2d 736 (Fla. 3d

5

Case No. 07-60156

DCA 1971).  As such, Plaintiff has failed to state a claim upon which relief may be granted and

Defendant, pursuant to Fed. R. Civ. P. 12 (b)(6), urges this Court dismiss this action.

Respectfully submitted,

ROGERS, MORRIS & ZIEGLER LLP
Attorneys for ADVECOR, INC.
1401 East Broward Boulevard #300
Fort Lauderdale, FL  33301
Telephone: (954) 462-1431
Facsimile: (954) 763-2692
rcrogers@rmzlaw.com

By: _____
ROMNEY C. ROGERS, ESQ.
Florida Bar No.: 256730

I HEREBY CERTIFY that a copy of the foregoing was served via CM/ECF and by
regular U.S. mail on this 20th day of March, 2007, to:

Mary Leslie Smith, Esq.
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL  33131
Phone: 305-347-4080/Fax: 305-347-4080
leslie.smith@bipc.com

Chalon T. Allen, Esq.
Buchanan Ingersoll & Rooney, P.C.
Bank of America Tower
100 S.E. 2nd Street, 34th Floor
Miami, FL  33131
Phone: 305-347-4080/305-347-4080
chalon.allen@bipc.com

_____
ROMNEY C. ROGERS
FLA. BAR NO.: 256730
rcrogers@rmzlaw.com

6

10/12/2006 21:43 FAX  9545275436          LADY OF AMERICA                    ☐001/002

# LADYOFAMERICA
### FRANCHISE CORPORATION
500 East Broward Blvd. Suite 1650
Fort Lauderdale, Florida 33394
1.800.633.5239
Fax 954.527.6438

**FACSIMILE**   10/15

**DATE**

**TO**   Jamie Zappo                    **# OF PAGES**   Two

                                        **FAX**   619 374 2525

**FROM**   David Himmel                 **PHONE/EXTENTION**

**REGARDING**   Agreement.

Janie-
   Please email David Himmel
on dhimmel@ladyofamerica.Com
to acknowledge your recept of
this agreement.

                    Best, David

WWW.LADYOFAMERICA.COM

EXHIBIT "A"

10/12/2006 21:43 FAX  9545275456



**A D V E C O R**

PROVEN MARKETING SOLUTIONS

7428 Trade Street
San Diego, CA 92121
B 619-640-2000
F 619-374-2525

# PROPOSAL

| Date | Estimate # |
|------|-----------|
| 10/12/06 | *ADVPROJECT5641* |

**Name / Address**

Lady of America
David Himmel
500 East Broward Blvd
Fort Lauderdale, FL 33394
USA

**Phone:** (800)833-5239
**Fax:**

| Job Description | Terms | Account Executive |
|-----------------|-------|-------------------|
| **Jan Acq** | | **GD** |

| Product Description | *ADVPROJECT5641* | Quantity | Rate | Amount |
|---------------------|------------------|----------|------|--------|
| Oversized Postcard/Acq with Scratch Off<br>Postcard type:  Large, Oversized 11.5 x 5-5/8 mailer, 4/4 Color w/ bleeds; 141#<br>White Ultra Matte; scratch off label application approx 1.5 x 1.5, one offset print<br>version, variable imaging simplex via lasers. | | 1,087,500 | $0.279 | $303,412.50 |

435 Locations @ 2500 mailers per location

Payment 1 11/1:  $30,341.25
Payment 2 12/1:  $121,365.00
Payment 3 12/15: $151,706.25

| | | |
|--|--|--|
| | **Tax:** | $0.00 |
| | **Total:** | $303,412.50 |

_____        _____
**Signature**                              **Date**

**By & on behalf of Lady of America**

| Payment Method |
|----------------|
| ☐ **Credit Card**    ☐ **Check** |
| ☐ **Use Credit Card on file** |

Advecor, Inc. Terms Conditions: (1) All goods and services are invoiced upon receipt of order whether processed by purchase order, telephone or online via website or email. (2) A 50% deposit is due upon receipt of order by Advecor, Inc. and the balance is due three days prior to shipment, unless otherwise indicated above. No projects will be released until paid in full. (3) Graphic design services in excess of two revisions will be billed hourly at Advecor's standard rate of $75/hour. (4) The order shall be complete upon Buyer's receipt of proof of mailing from Seller that may be a Post Office Statement verifying the mailing; a bill of lading; or other reasonable evidence of mailing. (5) Advecor cannot guarantee delivery or delivery dates for orders shipped through the U.S. Postal Service, in no event will Advecor be liable for any indirect, incidental, consequential or special damages resulting from the U.S. Postal Service's failure to perform or failure to perform timely. Buyer agrees to hold harmless and indemnify Advecor from and against all claims, damages, or causes of action arising out of services provided by the U.S. Postal Service. (6) Excepting buyer's trademarks and logos, all copyrights, preparatory work and designs created or furnished by Advecor shall remain the exclusive property of Advecor, Inc. Buyer grants Advecor a license permitting Advecor to reproduce the Buyer's Marks for the limited purposes of supplying the goods and performing the services requested by Buyer. (7) Interest on any unpaid invoices shall accrue at 1.5%/month. (8) Any legal fees incurred to enforce this agreement shall be born by the prevailing party.

*Approved*              *[signature]*                           Page  1  of  1

10/13/06