UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60156-CIV-MIDDLEBROOKS/JOHNSON

LADY OF AMERICA FRANCHISE
CORPORATION, a Florida
corporation,

    Plaintiff,

v.

ADVECOR, INC.,
a California corporation,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer Venue (DE 10) filed on March 20, 2007. Plaintiff has filed a Response in opposition (DE 15). I have reviewed the Motion, the Response, and the file in this matter.

This is a breach of contract case where Plaintiff, a franchisor of health clubs, is a Florida corporation with health clubs throughout the country, and Defendant, a marketing service provider, is a California corporation. Plaintiff contracted with Defendant for Defendant to provide marketing services, including but not limited to the mailing of certain promotional materials, in exchange for payment. The marketing services were to be provided to a variety of Plaintiff's health clubs, including, but not limited to those in Florida.

Defendant moves to dismiss on the basis of (1) lack of jurisdiction over Defendant corporation, (2) improper venue, and (3) failure to state a claim. In the alternative, Defendant

argues this case should be transferred to the Southern District of California.  Plaintiff responds in opposition arguing that (1) Defendant is subject to this Court's jurisdiction where Defendant was required to perform acts within Florida pursuant to the parties' agreement, (2) venue is proper where a substantial portion of the events underlying Plaintiff's claim occurred in Florida, and Defendant is subject to personal jurisdiction in the Southern District of Florida, and (3) Plaintiff's Complaint states a claim.  These are the arguments I will address.  First, I must review the standard applicable to a motion to dismiss.

**Motion to Dismiss**

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**The Court's Jurisdiction over Defendant**

Defendant asserts Plaintiff initiated contact with it, a California corporation, all the work was done in California, and all documents exchanged between the parties were exchanged via fax and email.  Defendant states it has never solicited business from Plaintiff in Florida and it did not travel to Florida during this transaction.  Therefore, Defendant argues this Court has no jurisdiction over it.  Plaintiff disagrees arguing jurisdiction is proper pursuant to Florida Statute Section 48.193(1)(g) where Defendant "[b]reach[ed] a contract in this state by failing to perform

acts required by the contract to be performed in this state," and exercising personal jurisdiction over Defendant does not violate the Due Process Clause. Defendant's argument requires a two part analysis.

> First, we must determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amended to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."

*Mutual Service Ins. Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). The burden to establish a prima facie case of this Court's personal jurisdiction over Defendant lies with Plaintiff. *See Meier v. Sun Internat'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). To determine if a Plaintiff has satisfied this burden I am required to accept the facts of Plaintiff's Complaint as true, "to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *see Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). In this case, Defendant has not put forth any affidavits. Accordingly, I look to Plaintiff's Complaint to determine if this Court has jurisdiction over Defendant.

The first question is whether jurisdiction over Defendant is appropriate under Florida's long-arm statute. The Florida long-arm statute provides that "[b]reaching a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]" is sufficient to establish specific jurisdiction over a non-resident. *See* Fla. Stat. §48.193(1)(g). The Complaint alleges jurisdiction is established over Defendant by the presence of the following facts:

(i)   [Plaintiff] and Defendant have carried on a (sic) continuous and direct communications by mail and by telephone through [Plaintiff's] headquarters currently located in Broward County, Florida;
(ii)  Defendant negotiated with [Plaintiff] and entered into the subject agreement with [Plaintiff] in Broward County, Florida;

       (iii)    Defendant breached the agreement with [Plaintiff] in Broward County, Florida. Compl. ¶3. The contract required Defendant to provide various services, including the mailing of promotional materials to Plaintiff's health clubs all across the country, including those in Florida. Defendant also communicated with individual franchisees providing them with demographic information on their marketing areas, allowing franchisees to choose carrier routes, and Defendant provided franchisees with saturation information regarding their specific markets. Compl. ¶15. While admittedly all of the conduct required by the contract was not to take place in Florida, Defendant puts forth no facts which dispute Plaintiff's allegations that some of the conduct required by the parties' agreement was to take place in Florida. These facts present more than "a contractual duty to tender performance to a Florida resident. . . " *See Posner*, 178 F.3d at 1218. The duty included performing an act in Florida. This is important to my analysis. *See id.* Plaintiff, in its Complaint, alleged that Defendant breached the parties' agreement in Florida. Defendant has not established any facts to refute this allegation by affidavit or otherwise. Accordingly, the first question is answered in the affirmative, jurisdiction is appropriate under Florida's long-arm statute.

    Now I must move on to whether jurisdiction can be exercised over Defendant under the Due Process Clause of the Fourteenth Amendment. This too is a two-part analysis, (1) whether Defendant has "minimum contacts" with Florida, and (2) whether exercising jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice." *Posner*, 178 F.3d at 1220. Defendant's contacts with Florida must satisfy three criteria to constitute minimum contacts for constitutional purposes. *See Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). The three criteria are the following:

       First, the contacts must be related to the plaintiff's cause of action or have given

> rise to it.  Second, the contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws."  Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there."

*Vermeulen*, 985 F.2d at 1546 (internal citations omitted).  In this case, the first criteria is satisfied because the agreement between Defendant and Plaintiff, a Florida corporation, which required Defendant to perform acts in Florida, provides the basis for the instant breach of contract suit where Plaintiff alleges Defendant did not perform as it was required to by the agreement.

The second criteria is the closest call in this case, and even it is not that close a call.  Defendant seems to hang its hat on the fact that it did not solicit Plaintiff's business, or any business in Florida.  However, who initiated the contact is not dispositive where Defendant willingly engaged in a business transaction with Plaintiff, a Florida corporation, which gave rise to this lawsuit.  *See Posner*, 178 F.3d at 1221 (concluding that a non-resident corporation had sufficient minimum contacts with Florida where an insured of the non-resident's subsidiary sent information to the non-resident corporation regarding his loss involving a Florida property, the non-resident corporation hired a company to investigate the insured's loss, and then directed the subsidiary to deny the insured's claim).  Defendant knew the parties' relationship would required it to provide services to certain of Plaintiff's franchisees, including those located in Florida.  Defendant also knew Plaintiff was a Florida corporation when it entered into an agreement to provide services to Plaintiff.  This is not the case of a relationship between two parties brokered by a third party, such that Defendant did not know it was entering into an agreement with a Florida Corporation.  *See Jet Charter Service, Inc. v. W. Koeck*, 907 F.2d 1110, 1114-1115 (11th Cir. 1990)(concluding that the court did not have jurisdiction over a non-resident where the non-resident had non-essential contact with Florida and the non-resident's involvement in the

transaction was initiated by a third-party, a Swiss company); *see also Pacific Coral Shrimp v. Bryant Fisheries*, 844 F.Supp. 1546, 1549 (S.D. Fla. 1994)(determining that defendant did not have sufficient minimum contacts with Florida where its contact with Florida stemmed from a request to a seafood broker who found the supplier, which was a Florida corporation).  The fact that Defendant was required to perform acts in Florida for a Florida corporation was not purely a matter of chance.  *See Sun Bank, N.A. v. E.F. Hutton & Co., Inc.*, 926 F.2d 1030, 1034 (11th Cir. 1991)(concluding the court had no jurisdiction over non-resident broker who was called by a Florida bank, to which the broker was alleged to have made fraudulent statements, when one of the broker's non-resident clients was seeking a loan from the Florida bank).  The Court in *Sun Bank* reasoned that the non-resident broker's contacts with Florida were fortuitous where the broker did not seek out business in Florida, nor did he purposefully direct his activities to Florida residents.  *Id.*  Defendant's relationship with Florida which gives rise to this cause of action was not a matter of chance.  Defendant made a calculated decision to enter into a relationship with a Florida corporation and agreed to perform activities in Florida.  Based on these facts as alleged in Plaintiff's Complaint and not refuted by Defendant, I find that Defendant directed activities into Florida thus, purposefully availing itself of the privilege of conducting activities in Florida.  The second criteria is present to establish the minimum contacts requirement.

  Having found that the second, and as I mentioned the closest, of the three prongs is satisfied, my analysis turns to the last query under this test, whether Defendant's contacts with Florida were such that it should have reasonably anticipated being haled into court here.  Once again I draw on the Defendant's intentional entry into a relationship with Plaintiff, a Florida corporation.  This case does not stem from a unilateral activity on the part of Plaintiff.  *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 258 (11th Cir. 1996).  Defendant could

reasonably foresee that its relationship with a Florida corporation which required it to provide marketing services to Plaintiff's franchisees in Florida could result in it being haled into court in Florida. *See id.* (discussing how the kind of foreseeability that is critical to this analysis is if it was foreseeable that defendant's actions would have some effect in the forum). Based on the foregoing, I conclude that there are sufficient minimum contacts between Defendant and Florida.

The final step in this jurisdictional analysis is whether exercising jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *See Posner*, 178 F.3d at 1221. The factors to be considered when making this determination are:

> the burden on [the nonresident] of defending the suit in Florida; Florida's interest in adjudicating the suit; [Plaintiff's] interest in obtaining effective relief; the interests of the interstate judicial system in using resources efficiently; and the interests of the states in further shared substantive policies.

*Id.* There would be a burden on Defendant, a California corporation, if it were required to defend a suit in Florida. However, "modern methods of transportation and communication reduce this burden significantly." *Robinson*, 74 F.3d at 259. Florida has an interest in adjudicating this dispute where it involves services provided to a Florida corporation by a foreign corporation. Plaintiff has a strong interest in seeing this matter resolved in Florida where it is based and has a number of its franchisees which were impacted by this alleged breach. Defendant does not assert any reason that having this case litigated in Florida would frustrate the states' interest in using resources efficiently, or its interest in furthering shared policies. An examination of these factors does not change my conclusion that Defendant is subject to the jurisdiction of this Court.

**Motion to Transfer Venue**

Having found that Defendant's Motion to Dismiss will not be granted on the grounds of lack of jurisdiction, I turn to Defendant's Motion to Transfer Venue. Defendant requests that I

transfer this action to its proper venue pursuant to 28 U.S.C. §1391(a)(2). Plaintiff disagrees arguing that venue is proper under 28 U.S.C. §1391(a)(2) because a substantial portion of the events which gave rise to its claim occurred in Florida. Furthermore, Plaintiff argues that venue is proper pursuant to 28 U.S.C. §1391(a)(1) which provides that venue is proper where any defendant resides, if all defendants reside in the same State, and pursuant to 28 U.S.C. §1391(c) a defendant that is a corporation is deemed to reside in any judicial district where it is subject to personal jurisdiction at the time the action is commenced. I agree with Plaintiff that venue is proper under 28 U.S.C. §1391(a)(1) where I have concluded that Defendant is subject to personal jurisdiction here in Florida. Transferring this case would only serve to shift the burden from the Defendant to the Plaintiff. This does not present a valid basis to transfer the case. *See Robinson*, 74 F.3d at 260.

**Failure to State a Claim**

Last, I address Defendant's argument that Plaintiff's Complaint fails to state a claim because it does not allege whether the agreement between the parties was oral or written. Defendant argues this is particularly important because the allegations in the Complaint differ from the documents attached to the Complaint. For example, the Complaint alleges Defendant guaranteed delivery of certain promotional postcards on or before January 6, 2007. However, Defendant points out that the documents attached to the Complaint do not include such a date certain guarantee. Plaintiff disagrees that this is a valid basis to dismiss its claim, arguing that based on the standard applicable to a motion to dismiss Defendant's Motion should not be granted. As discussed earlier in this order, when evaluating a motion to dismiss, all facts alleged by Plaintiff are accepted as true, and the Complaint is construed in the light most favorable to the Plaintiff. *See Hishon*, 467 U.S. at 73. The Complaint alleges facts supporting the parties'

agreement, and then details the facts supporting Plaintiff's allegation of breach.  Defendant cites *Harry Pepper & Assocs., Inc. v. Lasseter*, 247 So.2d 736 (Fla. 3d DCA 1971) in support of its argument for dismissal based on the inconsistencies it discusses.  I do not find this case persuasive, particularly where the allegations in Plaintiff's breach of contract claim do not include a date certain, and therefore the documents do not neutralize each other as discussed in *Lasseter*.  Instead there are specifics in the Complaint and a lack of specifics in the attachments, the two do not necessarily have to be at odds with each other.  I will not grant Defendant's Motion on this basis.

    Accordingly, it is hereby

    ORDERED AND ADJUDGED that Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer Venue (DE 10) is DENIED.

    DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 18th day of May, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   counsel of record